PROB 12C
(6/16)

Report Date: May 21, 2024

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 22, 2024

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Gabriel Joshua Kindness          Case Number: 0980 1:18CR02053-SAB-1

Address of Offender: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Yakima, Washington 98901

Name of Sentencing Judicial Officer:   The Honorable Salvador Mendoza, Jr., U.S. District Judge
Name of Sentencing Judicial Officer:   The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: March 29, 2019

| | | |
|---|---|---|
| Original Offense: | Felon in Possession of Ammunition, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | |
| Original Sentence: | Prison - 37 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(10/3/2023) | Prison - Credit for time served<br>(34 days)<br>TSR -14 months | |
| Asst. U.S. Attorney: | Todd Swenson | Date Supervision Commenced: December 16, 2021 |
| Defense Attorney: | Juliana M Van Wingerden | Date Supervision Expires: December 15, 2024 |

## PETITIONING THE COURT

To issue a warrant.

On October 4, 2023, supervised release conditions were reviewed and signed by Mr. Kindness acknowledging an understanding of his conditions.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #1**: You must not commit another federal, state or local crime.<br><br>**Supporting Evidence**:  Mr. Kindness is alleged to have violated his conditions of supervised release by being arrested and charged with driving under the influence (DUI) in Yakima County, Washington, on May 17, 2024.<br><br>According to the Yakama Nation Police Department (YNPD) narrative report, case number 24-003414, on May 17, 2024, at approximately 11:57 a.m. a Yakima County Sheriff Office (YSO) deputy requested agency assistance that was determined to be driving under the influence. |

Prob12C
# Re: Kindness, Gabriel Joshua
May 21, 2024
Page 2

Dispatch advised that Gabriel Kindness ( DOB: 12/22/1989) (enrolled Yakama 10813) was involved in a two-car collision. The YSO deputy advised that "Kindness" was drinking while driving. Dispatch later advised Mr. Kindness was the causing driver. Victim 1 (V1) and Victim 2 (V2) were injured in the collision and were being transported to the hospital.

A YNPD officer arrived at approximately 1:37 p.m. The YNPD officer observed that the Wapato Police Department (WPD) and Washington State Patrol (WSP) were on the scene. The YNPD officer contacted the WPD officer who stated Mr. Kindness was driving the Trail Blazer. The WPD officer also stated that Mr. Kindness was in the back of his patrol vehicle because he was becoming argumentative and not cooperating. The WPD officer stated the victims were being transported to the hospital soon. The WPD officer stated he observed Mr. Kindness placing alcoholic beverage cans outside of his vehicle. The WPD officer asked Mr. Kindness to pick up the cans and place them in the garbage. The WPD officer stated Mr. Kindness refused. The WPD officer explained to Mr. Kindness that he could be charged with littering if he did not pick up the cans. Mr. Kindness refused and became argumentive (see Wapato case number 24W1282).

A YNPD officer observed a tan Trail Blazer with Washington plate CLU5314, parked in the parking lot facing north. The Trail Blazer had front-end damage, and the officer could see a lot of liquid leaking from the vehicle. On the east side of the Trail Blazer, the officer observed two empty cans of alcoholic beverages on the ground.

 YNPD officer also observed a blue Toyota RAV4 with Oregon plate 752PDT parked facing south in the parking lot. The Toyota had rear-end damage.

The YNPD officer contacted V1, who stated she was the driver of the Toyota RAV4, Oregon plate 752PDT. V1 stated she was at a complete stop at the red light in the turn lane (turning westbound from Highway 97 onto West Wapato Road). V1 was in the northbound lane. V1 stated that while she was waiting for the light to turn green and looking around, she saw, in the rearview mirror, a vehicle not slowing down coming toward her. V1 stated she froze because she did not know what to do. V1 stated that the vehicle had then struck her vehicle. V1 stated that the vehicle behind her had reversed away from her vehicle. V1 then pulled forward when the light turned green. V1 stated she pulled into the Wolf Den parking lot to avoid being hit by other vehicles. V1 stated she was worried the driver who hit her would flee the scene. V1 stated she was glad the driver followed her into the parking lot. V1 said her neck and head were hurting, and she was Type 1 Diabetic. YNPD officer made contact with V2, who stated she also had neck pain and the back of her head was hurting.

V1 stated that the vehicle was still driveable. V2 stated they would pick up the vehicle after they were discharged from the hospital. A YNPD officer later made contact with V1, who stated the vehicle had been towed by Allstar Towing. V1 provided her registration and insurance information. The YNPD officer observed her insurance to be an Oregon Insurance Card, Agent R Walker Insurance Agency INC, policy number 375 8300-B01-37B. I observed on the insurance card that the effective dates are "AUG 01 2023 TO FEB 01 2024. "

V1 and V2 were transported to Memorial Hospital by Advanced Life Systems (ALS) due to the injuries from the collision.

Prob12C
Re: Kindness, Gabriel Joshua
May 21, 2024
Page 3

The YNPD officer made contact with Mr. Kindness. The YNPD officer could smell alcohol intoxicants coming from Mr. Kindness' person. The YNPD officer observed Mr. Kindness to have bloodshot, watery eyes and slurred speech. The YNPD officer explained to Mr. Kindness that he would transfer him to his patrol vehicle. The YNPD officer asked Mr. Kindness to step out of the Wapato patrol vehicle. The YNPD officer observed Mr. Kindness having to use his shoulders for balance when turning to step out of the vehicle.

When Mr. Kindness placed his feet outside the Patrol vehicle, he leaned too far forward, almost falling forward. The YNPD officer stepped toward him and placed his hand on his shoulder to prevent him from falling forward. When Mr. Kindness stood up, he swayed from left to right before balancing himself to stand straight. The YNPD officer explained to Mr. Kindness that he would need to face the Wapato patrol vehicle to remove the handcuffs and place him into his handcuffs. Mr. Kindness turned in the wrong direction. Mr. Kindness mumbled, but the officer could not understand what he was saying. Mr. Kindness turned in the right direction and the officer was able to switch the handcuffs. Through his observations, the officer could see Mr. Kindness' poor balance was due to his being intoxicated and not from the handcuffs.

The YNPD officer walked Mr. Kindness to his patrol vehicle. The officer asked Mr. Kindness if he would provide a voluntary Preliminary Breath Sample (PBT). Mr. Kindness stated, "No." The YNPD officer explained to Mr. Kindness that based on his observations and investigation, he was under arrest for driving under the influence. The officer read Mr. Kindness his Revised Yakama Code (R.Y.C.) 60.01.13 Constitutional Rights and Warnings from a department-issued card. Mr. Kindness moved his head up and down and mumbled. The officer asked Mr. Kindness how many alcoholic beverages were consumed. Mr. Kindness stated, "Only one." The officer asked Mr. Kindness what kind of alcoholic beverage. Mr. Kindness stated he had a Budweiser.

The YNPD officer then asked Mr. Kindness when was the last time he had something to eat. Mr. Kindness stated he had just eaten at Dave and Buster's. The officer asked Mr. Kindness how long ago he ate at Dave and Buster's, to which Mr. Kindness stated, not that long ago. The officer asked which Dave and Busters he ate at, and Mr. Kindness stated the one in Union Gap. It is worth noting that there are no Dave and Busters in Union Gap, Washington. The two closest Dave and Buster's are in Auburn, Washington, and Happy Valley, Oregon.

The officer observed Mr. Kindness had purple coloring under his right eye. The officer asked Mr. Kindness what had happened to his eye. Mr. Kindness stated his girlfriend punched him a couple of days ago. The YNPD officer asked Mr. Kindness who his girlfriend was, and Mr. Kindness stated he did not want to talk about it.

The officer asked Mr. Kindness if he had insurance. Mr. Kindness stated he could not get into his phone, but he had an E-mail with the information. Mr. Kindness stated the officer had permission to look it up and stated where his Gmail application icon was located. The YNPD officer observed in his Gmail a recent payment statement for National General Allstate Company, policy number 2022492007, Policy Period 03/28/2024 - 09/28/2024.

The YNPD officer took pictures of both vehicles and the empty alcohol containers near the Trail Blazer.

Prob12C
**Re: Kindness, Gabriel Joshua**
May 21, 2024
Page 4

Mr. Kindness was issued citation number 75130 for violating R.Y.C. 50.21.03 Driving under the Influence/Physical Control, and R.Y.C. 77.01.15 Littering. Mr. Kindness was advised of his court date on Tuesday, May 28, 2024, at 1:30 p.m.

Mr. Kindness is currently in custody at Yakama Nation Correctional jail and scheduled for his arraignment on May 22, 2024.

2  **Special Condition #5**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: Mr. Kindness is considered to be in violation of his supervised release conditions by consuming alcohol on or about May 17, 2024.

Please refer to the supporting evidence narrative found in Violation #1.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   05/21/2024

s/Kyle Mowatt

Kyle Mowatt
U.S. Probation Officer

---

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

Signature of Judicial Officer

5/22/2024
Date